## EDWARD HARLAND

*v.*

## HARRY W. HARPOLD.

*Opinion filed October 16, 1899—Rehearing denied December 7, 1899.*

1. APPEALS AND ERRORS—*chancellor's findings supported by evidence will stand.* Findings of the court clearly supported by the evidence will be sustained on appeal.

2. CONTRACTS—*when contract is not merged in conveyances executed in pursuance thereof.* The delivery and acceptance of deeds and the execution of mortgages in pursuance of a written agreement for the exchange of real estate do not extinguish the agreement and merge it in the deeds unless such is the intention of the parties.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY B. WILLIS, Judge, presiding.

GILBERT & RIPLEY, for appellant.

WARREN B. WILSON, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

October 16, 1896, an agreement in writing, under seal, was entered into between Florence M. Harpold, party of the first part, and Edward Harland, of the second part, for the exchange of certain real estate properties within thirty days after date, time being made the essence of the contract. After the expiration of the thirty days deeds passed, by which appellant conveyed all but four of the lots by the agreement to be conveyed on his part, and Florence M. Harpold procured to be conveyed to appellant the property she was required to convey, and the parties entered into possession of their respective properties. Afterwards, for a valuable consideration, Florence M. Harpold assigned all her interest in the contract which had not been surrendered up or canceled, but which had, after the passing of the deeds, been filed for record, to appellee, who filed his bill, seeking a specific perform-

ance of so much of the contract as remained unperformed by appellant, by compelling him to convey the remaining four lots to him. Appellant filed a cross-bill, asking to have the original contract delivered up and canceled. On a hearing on original and cross-bills, and answers thereto, the prayer of the original bill was granted and the cross-bill was dismissed, and this appeal is prosecuted.

It was admitted on the hearing that there was an error in the description of the lots to be conveyed by appellant; also that a modification was made in the terms of the contract, whereby a change was made in the terms of certain mortgages which Florence Harpold executed on the lots conveyed to her by appellant, and it appeared that thereafter, and before the hearing, a release had been obtained of one of the mortgages, she re-conveying certain of the lots so conveyed to her by appellant.

Appellant contends that certain defects existed in the title to the property which Florence Harpold was to convey to him, and also there was some defect in the sewerage, and that accordingly, by mutual agreement and with a full understanding between him and her, the original agreement was modified in accordance therewith, and in consideration of the defects in the title to the property to be conveyed to him it was agreed that the four lots in question should be left out of the conveyance from him; that the other changes relating to the encumbrances were also thereupon made, and that all these changes were made in pursuance of an amicable adjustment of the questions that had arisen and as a full execution of the contract as modified by mutual consent. The agreement recites that both parties have seen the respective properties and are satisfied with the same. Appellee contended, on the other hand, that there was no defect in the title to the property to be conveyed by Florence Harpold; that she did all things required of her to be done and performed; that she furnished an abstract within the time limited by the terms of the agreement; that

the supposed defect in the title was only as to a building line, and that this was an advantage, rather than otherwise, to the property, and that appellant's objection on account thereof, and his refusal to convey the four lots in question, were because he thought he was being worsted in the trade, and that neither Florence Harpold, nor any one for her, ever consented or agreed to accept less property than that called for in the agreement, and always insisted that she would hold appellant to his agreement and to the conveyance of the four lots.

On the trial all witnesses were examined in open court before the chancellor, and the decree finds that the court has jurisdiction of the parties and the subject matter; that the equities are with the complainant; that the material averments of the bill are true; that the material averments of defendant's answer, except those concurring with the averments of the bill, are not true; that on the 16th of October, 1896, appellant, Edward Harland, and Florence M. Harpold entered into a contract set out in bill; that instead of using language appearing in said contract, describing said lots to be conveyed by appellant, the following language was intended to be employed: "Lots 11, 12, 13, 14, 15, 16, 17, 18, 24, 25, 26, 27, 28 and 29, all in Harland's subdivision of the west half of block 32, in canal trustees' subdivision of the east half of section 31, township 39, north, range 14, east of the third principal meridian;" that prior to the beginning of this suit appellant had conveyed to Florence M. Harpold all the property in said contract described, except lots 17, 18, 28 and 29, etc.; that Florence M. Harpold sold and assigned to appellee her right in and to said four lots and in and to said contract, and by proper deeds had conveyed same and all her right therein to appellee; that said four lots described were of the value of $3000; that Florence M. Harpold performed all the stipulations in said contract on her part; that she delivered to Harland proper abstracts of title to the property agreed by her

to be conveyed, with deeds of conveyance from the owner thereof, and delivered possession to appellant; that appellant has refused and still refuses to convey to appellee, or to Florence M. Harpold, said four lots, to-wit, 17, 18, 28 and 29, etc.; that by mutual consent of the parties the $2000 which in said contract Florence M. Harpold was to borrow on lots 24, 26 and 27 was borrowed on the following: 24, 25, 26 and 27, and by mutual consent said Florence M. Harpold, instead of executing to appellant two mortgages of $1000 each on lots 24, 26 and 27, and one on lots 25, 28 and 29, did execute one note for $2000 to appellee, dated December 15, 1896, due one year thereafter, which said last named note for $2000 was secured by mortgage on lots 24, 25, 26 and 27, and said note was on December 13, 1897, canceled by conveyance by said Florence M. Harpold of the property described in said mortgage, in consideration of the cancellation and satisfaction of said mortgage, at the request of said defendant, said note and mortgage were by said defendant duly canceled and satisfied.

It was ordered, adjudged and decreed that the contract in the bill between Florence M. Harpold and appellant be reformed by striking out the following words: Lots 11, 12, 13, 14, 15, 16, 17 and 18, in block 32, in Harland's subdivision, etc.; also lots 24, 25, 26, 27, 28 and 29, in the same block above described, where they occur in said contract, and insert the following words: Lots 11, 12, 13, 14, 15, 16, 17, 18; also lots 24, 25, 26, 27, 28 and 29, all in Harland's subdivision of the west half of block 32, in canal trustees' subdivision, etc., which said last named words were intended by the parties to be inserted in said contract, and that said contract as reformed by the decree be specifically performed; that within twenty days from the entry of this decree appellant shall, by a good and sufficient deed of general warranty, convey to appellee, Harry W. Harpold, the following described real estate: Lots 17, 18, 28 and 29, all in Harland's subdivision of

the west half of block 32, in canal trustees' subdivision, etc.; that in the event appellant shall not, within ten days from the entry of this decree, execute his deed conveying said four lots, then George Mills Rogers, master in chancery, is authorized, on the application of appellee, to execute to appellee a deed conveying said four lots; that the said four lots, when so conveyed to appellee, together with the remaining property in said contract described as property to be conveyed by appellant, are conveyed to appellee in exchange for the following described realty: Lot 30, in King & Rumsey's subdivision of Woodlawn Ridge, section 23, township 38, north, range 14, east of the third principal meridian; that appellee shall have liberty to apply to the court for further orders in execution of this decree; that appellee recover of appellant costs in this suit to be taxed, and that appellant be dismissed for want of equity.

We have carefully examined not only the abstract but the record, and we find it clear the evidence supports the findings of the court.

Appellant contends that the delivery and acceptance of the deeds extinguished the prior executory agreement; that by the acceptance of the deeds and the execution of the mortgages the written contract was thereby extinguished and is merged in the deeds. There is no doubt that this is ordinarily so; still, it is wholly a question of intention. The evidence is cumulative and convincing that, however appellant may have intended the transaction, Florence M. Harpold or her agent never consented or did anything by which appellant was given to understand that she released him from the entire obligation of his contract, unless, indeed, it might be said that the giving and accepting of the deeds in question might be so construed. It is a significant fact that at the time the deeds passed, the original contract was not delivered up and canceled. The appellant received all that his contract called for, and appellee showing that the contract

had been performed on his part, the burden of proof was on appellant to show some sufficient equitable grounds why he should not be required to perform his part of the undertaking, or that the agreement had in fact been canceled, abrogated or annulled. A careful examination of the record fails to show that he has done so.

The decree of the circuit court is affirmed.

.    *Decree affirmed.*